UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-24418-CIV-MORENO

WAVERLY WILLIAMS, JR.,

    Plaintiff,

vs.

KENNETH DILLARD and TANEITHA WILLIAMS,

    Defendants.
_____/

### ORDER DENYING MOTION TO EXTEND SERVICE DEADLINE, ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO SERVE, AND ORDER DENYING AS MOOT MOTION FOR SUBSTITUTED SERVICE

THIS CAUSE came before the Court upon the Plaintiff's Response to Order to Show Cause (**D.E. 8**) and Motion to Extend Deadline for Service of Process and for Substituted Service (**D.E. 9**), both filed on **January 22, 2020**.

THE COURT has considered the pertinent portions of the record, the last recorded date of various proceedings, and is otherwise fully advised in the premises.

The Plaintiff filed the Complaint on October 25, 2019, and thus was required to serve the Defendants with the Summons and the Complaint no later than January 23, 2020. (*See* D.E. 1.) As of January 7, 2020, the Plaintiff had not returned proof of service on any of the Defendants and so the Court issued an Order to Show Cause why the Summons and the Complaint had not been served in compliance with Federal Rule of Civil Procedure 4(m). (*See* D.E. 7.)

The Plaintiff's Response to the Order to Show Cause explains that the process server made repeated unsuccessful attempts to serve the Defendants at their respective home police station, and also asserts that the Miami-Dade Police Department thwarted service of the Defendants.

(*See* D.E. 8 at 1.) The Response indicates that the process server attempted to serve the Defendants on November 2, November 6, and November 9 of 2019. *See id.* at 2. The Response further asserts that the process server was given the "runaround" concerning the days and times the Defendants work, the best time to likely make contact with the Defendants, and whether the Defendants would follow-up with them to coordinate service. *Id.* Finally, the Response states that the Plaintiff's counsel contacted a county attorney, Rachel Walters, to assist with coordinating service; but to no avail. *Id.*

The same day of the Response, the Plaintiff filed a Motion to Extend Deadline for Service of Process and for Substituted Service. (D.E. 9.) The Motion repeats the assertions in the Response and then asks the Court to extend the deadline to perfect service by 45 days. *Id.* at 5. The Motion also asks the Court to "compel Miami-Dade County to provide Plaintiff's counsel with the Defendants' address, social security number, date of birth and telephone number so that Plaintiff's counsel can make contact with and serve the Defendants." *Id.* at 2.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). The Court must "extend the time for service for an appropriate period" "if the plaintiff shows good cause for the failure" to serve. *Id.* Good cause for failure to serve within 90 days exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Hart v. Zimmerman Holdings Grp., Inc.*, 313 F.R.D. 671, 672 (S.D. Fla. 2016) (quoting *Lepone–Dempsey v. Carrol Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

Here, the Plaintiff asks the Court to extend the service deadline for good cause because the Plaintiff believes the Defendants are purposefully evading service with the assistance of the

Miami-Dade Police Department. Although the Plaintiff attempted to serve the Defendants a total of three times (*see* D.E. 8 at 2; D.E. 9 at 2), the Plaintiff has not attempted service since November 9, 2019—almost 60 days before the show cause order issued on January 7, 2020. Furthermore, the Plaintiff has not attempt service since the show cause order issued. Despite the claim that the Defendants are evading service, the Plaintiff does not submit any supporting facts through an affidavit, nor does the Plaintiff provide any further explanation regarding his efforts to perfect service or to learn information necessary to perfect service. On these facts, the Court does not find good cause to extend the service deadline. It is accordingly

ADJUDGED that the Motion to Extend Deadline for Service of Process **(D.E. 9)** is **DENIED**, and the case is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve the Summons and the Complaint in compliance with Rule 4(m). Because the dismissal is *without prejudice*, the Plaintiff can refile his Complaint when he is ready to perfect service. Furthermore, the Motion for Substituted Service is **DENIED AS MOOT**. The Clerk of Court shall mark this case **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th of January 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record